# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOLARX EYEWEAR, LLC., an Ohio Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Plaintiff Luxottica Group S.p.A.** for its claims against **Defendant SolarX Eyewear, LLC** respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff files this action against Defendant for trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of New York. This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.      This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3.      This Court has personal jurisdiction over Defendant because Defendant conducts business in this judicial district.

4.     This action arises out of wrongful acts by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

### THE PARTIES

5.     Plaintiff Luxottica Group, S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium, luxury and sports eyewear products under federally registered trademarks, including but not limited to the Ray-Ban® family of marks.

6.     Upon information and belief, Defendant SolarX Eyewear, LLC ("SolarX") is a Ohio Limited Liability Company with its principal place of business located in Strongsville, Ohio as well as in Batavia, New York.

7.     Luxottica is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Luxottica will seek leave to amend this complaint when their true names and capacities are ascertained. Luxottica is informed and believes, and based thereon alleges, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendant and was acting within the course and scope of said agency and employment.

8.     Luxottica is informed and believes, and based thereon allege, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Luxottica further alleges that Defendant had a

non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     Luxottica's World Famous RAY-BAN® Brand and its Products

9.      Luxottica is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

10.     Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

11.     Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including New York, and reaches customers nationally and internationally online at www.ray-ban.com.

12.     Luxottica is the owner of various trademarks under the Ray-Ban® brand, including but not limited to the following United States Trademark Registrations (collectively "Ray-Ban Marks"):

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
|  | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for |

| | | |
|---|---|---|
| | | sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18. |
| | | cloths for cleaning ophthalmic products, in class 21. |
| | | clothing and headgear; namely, hats, in class 25. |
| **RAY-BAN** | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18. |
| | | clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
| | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

13.    Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from

Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

14.     Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

15.     The Ray-Ban Marks have never been abandoned and are a symbol of Luxottica's quality, reputation, and goodwill.

16.     Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B.     Defendant's Infringing Activities**

17.     Upon information and belief, Luxottica hereon avers that Defendant has used the Ray-Ban Marks in connection with the sale, promotion and advertising of both generic and knock-off eyewear that is nearly identical in appearance to authentic Ray-Ban® eyewear.

18.     Upon information and belief, Defendant SolarX is a business engaged in the manufacture, importation, distribution, and wholesale of eyewear to various eyewear retailers, including mall kiosks, travel plazas, convenient stores, and special event industries.  SolarX has been building its brand in shopping malls all across North America for the past 15 years.

19.     Upon information and belief, SolarX provides its retailers with display boxes that bear the brand names  of various trademark holders (e.g. Ray-Ban, Armani, Stussy, Carrera) along with the purchased eyewear that mimic styles originating from the respective brands (see example below)



20.     Upon information and belief, the SolarX eyewear sold by SolarX's retailers do not in fact originate from any of the brands whose names (many of which are registered trademarks) are displayed on the SolarX boxes with which said eyewear is marketed, displayed, and advertised.

21.     Luxottica's investigator recently ordered various sunglasses from SolarX, which were shipped to a location in this judicial district.  The Ray-Ban look-alike eyewear was accompanied by a display box that prominently displayed "RAY-BAN" (see below).  None of the sunglasses purchased by Luxottica's investigator were actually those of the RAY-BAN® brand.



22.     Indeed, Luxottica has not authorized SolarX's use of the Ray-Ban Marks in any form or variation. Furthermore, Luxottica has not approved, authorized, sponsored, or endorsed any of SolarX's products.

23.     SolarX's use of the Ray-Ban Marks is likely to cause confusion or mistake or to deceive consumers as to the origin, sponsorship, affiliation, or endorsement of its knock-off eyewear and Luxottica's authentic RAY-BAN® goods.

24.     SolarX's use of the Ray-Ban Marks is likely to at least initially confuse consumers into purchasing SolarX's knock-off eyewear, thereby misappropriating Luxottica's goodwill established in the Ray-Ban Marks.

25.     Upon information and belief, SolarX targets substantially the same consumer base as Luxottica's RAY-BAN® goods.

26.     Customers familiar with the Ray-Ban Marks and looking for RAY-BAN® eyewear would likely believe, incorrectly, that they can obtain authentic RAY-BAN® eyewear from the retail stores utilizing the infringing RAY-BAN display boxes.  Once a consumer approaches SolarX's knock-off and generic products, even if the consumer recognizes that the knock-off and generic eyewear offered are not in fact authentic RAY-BAN® eyewear, the consumer may still purchase the SolarX knock-off eyewear

27.     SolarX's use of the infringing display boxes in connection with its sale of eyewear improperly trades off the goodwill Luxottica has established in the Ray-Ban Marks in order to improperly attract consumers to its knock-off and generic eyewear.

28.     Upon information and belief, at all times relevant hereto, SolarX has had full knowledge of Luxottica's ownership of the Ray-Ban Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Upon information and belief, SolarX has engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luxottica's rights for the purpose of trading off the goodwill and reputation of Luxottica.

30.     In fact, SolarX prides itself on these infringing display boxes, which it claims on its website (www.solarxeyewear.com) continue "*to be the display box[es] of choice by mall developers all across North America.  The unique 5-sided design with front beveled edge along with attention **grabbing logo** and foil stamping sets our brand apart from the competition*."

31.     If SolarX's willful infringing activities are not preliminarily and permanently enjoined by this Court, Luxottica and the consuming public will continue to be damaged.

32.     SolarX's above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade.  Moreover, the wrongful conduct alleged herein is likely to create a false impression and deceive customers, the public and the trade into believing that there is a connection or association between Luxottica's RAY-BAN® goods and SolarX's knock-off products.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

33.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

34.     The Ray-Ban Marks are both nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Luxottica.

35.     The registrations embodying the Ray-Ban Marks are in full force and effect and Luxottica has authorized responsible manufacturers and vendors to sell merchandise with these marks.

36.     Defendant's infringing and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendant's goods or services and falsely mislead consumers into believing that Defendant's products originate from Luxottica; are affiliated or connected with Luxottica; or are licensed, sponsored, authorized, approved by, or sanctioned by Luxottica; or that Luxottica controls the quality of Defendant's  products.

37.     Defendant's infringing and improper actions, as set forth above, are likely to at least initially confuse consumers into purchasing Defendant's eyewear and allowing Defendant's to misappropriate Luxottica's goodwill.

38.     Defendant's infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its trademarks.

39.     Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Luxottica.

40.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Luxottica and reap the benefit of Luxottica's goodwill associated with the Ray-Ban Marks.

41.     As a direct and proximate result of Defendant's willful and infringing conduct, Luxottica has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Luxottica's trademarks.

42.     Luxottica has no adequate remedy at law.

43.     In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition – 15 U.S.C. §1125(a))

44.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

45.     Defendant's infringing and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Luxottica's goods and services or Defendant's goods and services and falsely mislead consumers into believing that Defendant's eyewear originates from Luxottica; is affiliated or connected with Luxottica; or is licensed, sponsored, authorized, approved by, or sanctioned by Luxottica; or that Luxottica controls the quality of Defendant's products.

46.     Defendant's use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to said marks.

47.     Luxottica has been irreparably damaged by Defendant's unfair competition and misuse of the Ray-Ban Marks.

48.     Luxottica has no adequate remedy at law.

49.     Defendant's egregious conduct in using the Ray-Ban Marks to promote eyewear that it knows does not in fact originate or is associated/affiliated with the RAY-BAN® brand is willful and intentional and was intended to capitalize on the goodwill Luxottica established in said marks.

50.     In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

51.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52.     Luxottica is the exclusive owner of the Ray-Ban Marks.

53.     The Ray-Ban Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act.

54.     The Ray-Ban Marks are all inherently distinctive marks that have been in use for many years and play a prominent role in Luxottica's marketing, advertising, and the popularity of its products.

55.     The Ray-Ban Marks were famous long before Defendant began using unauthorized reproductions, copies, and/or colorable imitations of the Ray-Ban Marks in connection with the sale, promotion, and advertisement of its products.

56.     Consumers are likely to purchase Defendant's eyewear under the erroneous belief that Defendant and/or its products are affiliated, connected or associated with Luxottica or that Luxottica is the source of Defendant's products.

57.     Defendant's acts described above have diluted and continue to dilute Luxottica's unique and distinctive Ray-Ban Marks. Defendant's infringing use of the Ray-Ban Marks in connection with its knock-off and generic eyewear is also likely to tarnish said marks and cause blurring in the minds of consumers between Luxottica and Defendant, thereby lessening the value of the Ray-Ban Marks as unique identifiers of Luxottica's RAY-BAN® brand.

58.     These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Luxottica, causing damage to Luxottica in an amount to be determined at trial, as well as irreparable injury to Luxottica's goodwill and reputation associated with the value of the Ray-Ban Marks.

59.     Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on Luxottica's reputation and to dilute the Ray-Ban Marks. Defendant's conduct is willful, wanton and egregious.

60.     Defendant's acts have caused and will continue to cause irreparable injury to Luxottica.  Luxottica has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing acts, unless they are enjoined by this Court.

61.     In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## <u>FOURTH CLAIM FOR RELIEF</u>

### (Unfair Competition under New York Common Law)

62.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

63.     Defendant's infringement of the Ray-Ban Marks constitutes unfair competition in violation of the common law of the state of New York.

64.     Defendant is a competitor of Luxottica and has utilized the Ray-Ban Marks in connection with the promotion, advertisement, and marketing of its products in an effort to exploit Luxottica's reputation in the market.

65.     Defendant's infringing acts were intended to capitalize on Luxottica's goodwill associated therewith for Defendant's own pecuniary gain.  Luxottica has expended substantial time, resources and effort to obtain an excellent reputation for its RAY-BAN® brand.  As a result of Luxottica's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Luxottica.

66.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Luxottica.

67.     Luxottica has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

68.     The conduct herein complained of was extreme, outrageous, and was inflicted on Luxottica in reckless disregard of Luxottica's rights.  Said conduct was in bad faith and harmful to Luxottica and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar such conduct in the future.

69.     In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendant from infringing the Ray-Ban Marks and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and

advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Luxottica respectfully prays for judgment against Defendant on all claims, as follows:

1.      For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)      using the Ray-Ban Marks in connection with the manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling of Defendant's products, including but not limited to the display of said trademarks at Defendant's stores and/or website to promote, advertise, and/or offer for sale products that are not authorized, approved, and/or originate from Luxottica;

(b)      engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica;

(c)      engaging in any other activity that will dilute the distinctiveness of the Ray-Ban Marks;

(d)      committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

2.      For entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from its infringing acts;

3.      For entry of an ORDER directing Defendant to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing,

under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4.     For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendant has derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

5.     For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

6.     For an award of punitive damages in connection with its claims under New York;

7.     Such other relief as may be just and proper.


Dated:        June 8, 2015                        Respectfully Submitted,
              Los Angeles, California

                                                  /s/ Cindy Chan_____
                                                  Brent H. Blakely (BB1966)
                                                  Cindy Chan (CC1981)
                                                  Blakely Law Group
                                                  1334 Parkview Avenue, Suite 280
                                                  Manhattan Beach, CA 90266
                                                  Telephone: (310) 546-7400
                                                  Facsimile:  (310) 546-7401
                                                  ***Attorneys for Plaintiff***
                                                  ***Luxottica Group S.p.A.***

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica

Group, S.p.A hereby demands a trial by jury of all claims in this litigation.


Dated:          June 8, 2015                    Respectfully Submitted,
                Los Angeles, California


                                                /s/ Cindy Chan_____
                                                Brent H. Blakely (BB1966)
                                                Cindy Chan (CC1981)
                                                Blakely Law Group
                                                1334 Parkview Avenue, Suite 280
                                                Manhattan Beach, CA 90266
                                                Telephone: (310) 546-7400
                                                Facsimile:  (310) 546-7401
                                                *Attorneys for Plaintiff*
                                                *Luxottica Group S.p.A.*

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**